

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JUL 13 PM 2: 45

BY _____
DEPUTY CLERK

| | |
|---|---|
| KARENA LaPAN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | COMPLAINT – CLASS ACTION |
| v. | CIVIL ACTION |
| GREENSPOON MARDER P.A. | CASE NO.: 5:17-cv-130 |
| Defendant. | |

## COMPLAINT – CLASS ACTION AND DEMAND FOR JURY TRIAL

Plaintiff Karena LaPan sues Defendant Greenspoon Marder, P.A. ("Greenspoon") for publishing a list of debtors in violation of Federal and Vermont law. As part of an attempt to collect a debt related to a timeshare property in Nevada, Greenspoon sent to LaPan a pro forma "Notice of Default," and attached a list of debtors. The list contains unredacted personal individual information. LaPan therefore has reason to believe that Greenspoon sent the same list, including private information about her debt, to every other alleged debtor on the list. Further, many such pro forma default notices and lists appear to exist and on information and belief, Defendant has sent such lists to consumers across the country, revealing their private information to dozens, if not hundreds, of others.

## INTRODUCTION

1.      This action is brought against Defendant Greenspoon Marder, P.A. ("Greenspoon") as a class action, for Defendant's violations of state and federal law.

2.      Defendant sent to Plaintiff, and on information and belief, to many others,

a list of debtors, with details of their personal debts, in violation of the federal Fair Debt Collection Practice Act, 15 U.S.C § 1692a et seq. (FDCPA), the Vermont Consumer Protection Act, 9 V.S.A. § 2453(a) (VCPA) and the Vermont Attorney General's regulations implementing VCPA in the field of debt collection. Vt. Admin. Code 3-2-103: CP 104.

3.     FDCPA prohibits debt collectors from communicating with third parties as part of attempt to collect a debt, with narrowly defined exceptions inapplicable here. 15 U.S.C. § 1692c(b). FDCPA also expressly prohibits the publication of lists of debtors. 15 U.S.C. § 1692d(3)

4.     VCPA prohibits unfair and deceptive trade practices and requires the Vermont Attorney General to issue regulations defining such practices. 9 V.S.A. § 2453(c). The Vermont Attorney General has issued regulations applying VCPA to the business of debt collection. The Attorney General's regulations follow closely the FDCPA's prohibitions. The regulations determine that disclosure of a consumer debtor's information to a third party (with narrow exceptions inapplicable here), is an unfair practice under VCPA. Vt. Admin. Code 3-2-103: CP 104.03.

## JURISDICTION

5.     This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this complaint raises a federal question under 15. U.S.C. 1692a *et seq.*

6.     This court also has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7.     This court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy

as the federal claims.

## VENUE

8.      Venue is proper as the actions complained of occurred within the county of Orange in the State of Vermont.

## PARTIES

9.      Plaintiff Karena LaPan is an individual and at all relevant times resided in the State of Vermont, Orange County.

10.     Defendant Greenspoon Marder, P.A., is a law firm incorporated in the state of Florida, with its principal office at 200 E. Broward Blvd., Suite 1800, Fort Lauderdale, Florida 33301. Defendant routinely collects alleged debts related to timeshares.

## STATEMENT OF FACTS

11.     On or about July 20, 2016, Greenspoon sent LaPan a letter containing a "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST" ("Default Notice"), an insert titled "FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE" ("FDCPA Notice") and an "EXHIBIT A" (the "List"). The Default Notice was pro-forma, containing repeated references to the List. Exhibit 1.[1]

12.     The Notice of Default, FDCPA Notice and List alleged that Plaintiff owed $41,805.00 to "ELDORADO DEVELOPMENT CORP." Exhibit 1, page 5.

13.     The List contained the names of 28 alleged debtors, including LaPan, and stated the following information for each:

---

[1] Exhibit 1 is redacted to remove details of the alleged debts of non-parties, to prevent their further publication.

    a.  "Inventory Control No."

    b.  "No. of Time Share Interest"

    c.  "Week No./Frequency"

    d.  "Unit Type"

    e.  "Undivided Fee Interest"

    f.  "Date of Deed of Trust"

    g.  "Default Date"

    h.  "Amount Due"

    i.  "Book/Instr. No. for Deed of Trust"

14.    The List alleged that LaPan, together with Francis Brooks, had defaulted on 5/19/2014 and owed $41,805.00. Exhibit 1, page 7.

15.    Plaintiff demanded validation of the debt from Greenspoon on August 2, 2016. Exhibit 2.

16.    Greenspoon replied on August 13, 2016, and attached a printout showing a current balance less than $8,000.00. Greenspoon offered no explanation or justification for the $41,805.00 amount. Exhibit 3.

17.    Defendant sent substantially the same letter again in October 2016, again attaching the same list of debtors.

18.    The alleged debt related to a Timeshare that Plaintiff and Brooks purchased in 2013 for the purpose of taking vacations there.

19.    On information and belief, Greenspoon is engaged in the collection of consumer debts relating to timeshares.

20.    On information and belief, Greenspoon has, or had, a policy or practice of filing in the land records of Clark County Nevada, pro-forma Default Notices and

Exhibits containing lists of debtors with alleged dates and amounts of their debts.

21.     On information and belief, Greenspoon has, or had, a policy or practice of mailing to alleged debtors, as an attempt to collect a debt, a Default Notice, FDCPA Notice and List similar to those sent to Plaintiff, containing un-redacted lists of debtors, dates and amounts of alleged debts.

22.     On information and belief, Greenspoon has recorded many such pro-forma Notices of Default or Notices of Default and Election to Sell in the land records of Clark County Nevada, in the past year. For the property parcel to which the Default Notice and List naming Plaintiff was related, those filings included:

a.  Document Number 201701110002120, a Notice of Default containing the names of 123 individuals, filed on January 11, 2017.

b.  Document Number 201612220000629, a Notice of Default containing the names of 497 individuals, filed on December 22, 2016.

c.  Document Number 201607130001965, a Notice of Default & Election to Sell containing the names of 425 individuals, filed on July 13, 2016.

23.     Greenspoon has therefore told hundreds of consumers about the debts of hundreds of other consumers.

24.     Plaintiff, and the Class, have suffered concrete and particularized injuries as a result of Defendant's illegal behavior. The harm they have suffered is actual, not hypothetical. The harm consists of invasion of privacy in a form – publication of debtors lists – which is explicitly outlawed by federal and state law.

25.     When it invaded their privacy by exposing their names to third parties (in effect publishing numerous "shame lists"), the Defendant injured the Plaintiff and the Class concretely.

26.     Invasion of privacy is a concrete injury traditionally actionable at common law. Invasion of privacy is actionable in most states and under the Restatement of Torts analysis. Further, even if invasion of privacy were not a well-established cause of action at common law, part of the express purpose of the FDCPA was to protect the privacy of alleged debtors.

27.     Invasion of privacy is identified explicitly by Congress as an injury: "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); "Existing laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. § 1692(b). Thus, as one court concluded that a violation of 15 U.S.C. , "both history and the judgment of Congress demonstrate that the unlawful disclosure of legally protected information is a concrete harm that is sufficient to confer standing." *Daubert v. NRA Grp., LLC*, No. 3:15-CV-00718, 2016 WL 4245560, at *4 (M.D. Pa. Aug. 11, 2016) citing *In Re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016).

28.     The injury suffered by Plaintiff and Class is particularized, in that it is personal to them and not an injury suffered by the body politic. *Strubel v. Comenity Bank,* 842 F.3d 181, 188 (2d Cir. 2016).

29.     The injury suffered by Plaintiff and the Class is actual and not hypothetical because their privacy has actually been harmed by Defendant's illegal disclosure of information to third parties.

## CLASS ALLEGATIONS

30.     This action is brought as a class action under Fed. R. Civ. P., Rule 23(b)(3).

31.     The definition of the class of similarly situated persons is:

Any person (1) whose names was included on a list of debtors (2) where the list of debtors included the amount of the debt (3) where the list was sent by or on behalf of Defendant to any other debtor or alleged debtor (4) within the past year.

The class excludes any person who falls within the definition if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending.

This definition may be amended or modified.

32. The named Plaintiff falls within the Class definition and is a Class Member.

33. The particular members of the Class are capable of being described without managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant, since Defendant sent the offending communications.

34. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. The three Notices identified above listed the names of over 1,000 individuals in total.

35. There are questions of law and fact common to the Class which predominate over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendants are identical. The common issues include, but are certainly not limited to:

  a. Whether Defendant communicated with third parties about Class Members' debts;

  b. Whether such communications violate the FDCPA;

  c. Whether such communications violate Vermont law;

  d. The amount of statutory damages to be assessed against the Defendants.

36.   The Plaintiff's claims are the same as each member of the Class and are based on the same legal and factual theories. There is nothing unusual about the Plaintiff to warrant a material difference between her claims and the claims of the members of the class.

37.   Defendant's likely defenses are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid unique defenses.

38.   The named Plaintiff will fairly and adequately represent and protect the interests of the Class. The named Plaintiff has retained counsel that is experienced in consumer litigation. The named Plaintiff's co-counsel is also experienced in consumer cases including having been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

39.   The named Plaintiff does not have any interests antagonistic to the members of the Class.

40.   The Defendant acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C. § 1692k is appropriate to the Class as a whole.

41.   Common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

42.   A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

43.   Plaintiff's claims are typical of the claims of the class members.

44.   The Class members have suffered damages, losses, and harm similar to

those sustained by the named Plaintiff. This includes invasion of their privacy by publishing information about their debts, and violation of their privacy rights as embodied in the federal and state remedial consumer protection statutes cited above. All are entitled to statutory damages allowed by the FDCPA.

**COUNT I**
**Fair Debt Collection Practices Act – Third Party Disclosure**

45.    Plaintiff incorporates the foregoing paragraphs by reference.

46.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

47.    The alleged debt at issue in this case is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

48.    The Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). The Defendant regularly engages in collection efforts through the mails and interstate commerce on behalf of third-parties.

49.    The Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the alleged debt with a third party. The communication was not with the permission of Plaintiff, a court of competent jurisdiction, did not relate to post-judgment enforcement and was not with a consumer reporting agency or other person authorized by law to receive such communications.

50.    The Defendant's communication with third parties was not an attempt to obtain location information for Plaintiff pursuant to 15 U.S.C. § 1692b.

51.    The Defendant violated 15 U.S.C. § 1692d(3) by publishing a list of consumers who allegedly refuse to pay debts, to persons other than a credit reporting agency or those meeting the requirements of 15 U.S.C. § 1681a(f) or 1681b(3).

52.    The Plaintiff and the Class suffered an injury-in-fact as a result of the

violations, in that their personal financial information was given to third parties, depriving them of the privacy rights implicit in 15 U.S.C. § 1692d(3).

**Wherefore,** Plaintiff asks for the following relief from the court:

A.  Certify the Class and appoint the Named Plaintiff as the class representative and her lawyers as class counsel;

B.  Award the Plaintiff and the class statutory damages for the concrete injury suffered;

C.  Award of costs, including reasonable attorney's fees.

D.  Such other and further relief the nature of the Plaintiff's cause may require.


## COUNT II
## Vermont Consumer Fraud Act

53.     Plaintiff incorporates the foregoing paragraphs by reference.

54.     The Vermont Consumer Fraud Act, 9 V.S.A. § 2451 *et seq.* prohibits unfair or deceptive trade practices.

55.     The Vermont Attorney General's regulations at Vt. Admin. Code 3-2-103: CP 104 apply the Vermont Consumer Fraud Act to debt collection.

56.     Consumers are authorized to bring private actions by 9 V.S.A. § 2461(b).

57.     Plaintiff is a consumer within the meaning of 9 V.S.A. § 2451a(a) because she purchased the timeshare to which the underlying debt related for private and household purposes and not for use in connection with her trade or business.

58.     Vt. Admin. Code 3-2-103: CP 104.03 deems unfair for the purposes of 9 V.S.A. § 2453(a) disclosure of information relating to a consumer debt to third parties generally.

59.     Defendant did not communicate the information to the third parties at their request and the third parties had no legitimate business need for the information.

60.     The defendant did not communicate the information to the third parties in order to obtain location information concerning Plaintiff.

61.     On information and belief, no judgment had been obtained against Plaintiff.

62.     Defendant acted maliciously, with reckless or wanton disregard for the rights of Plaintiff and Class because it knew that communicating the details of a person's debt was a violation of the FDCPA and Vermont law, but nevertheless communicated Plaintiff and Class members private information to third parties.

63.     The Plaintiff suffered an injury-in-fact as a result of Defendant's violation, in that her right to privacy established under CP 104.03 was violated and her personal information revealed to many other individuals.

**Wherefore,** Plaintiff and Class ask for the following relief from the court:

A.  Certify the Class and appoint the Named Plaintiff as the class representative and her lawyers as class counsel;

B.  Award Plaintiff and the Class an amount to be determined by the jury for compensatory damages in an amount in excess of $75,000;

C.  Award of costs, including reasonable attorney's fees.

D.  Such other and further relief the nature of the Plaintiff's cause may require.


## JURY DEMAND

Plaintiff, by and through her counsel, requests, a trial by jury of all claims that can be so tried.

DATED at Barre, Vermont  July 12, 2017.

Respectfully submitted,

KARENA LAPAN

By: _____
    Andrew B. Delaney
    Martin & Associates, P.C.
    P.O. Box 607
    100 North Main Street, Ste. 2
    Barre, Vermont 05641
    (802) 479-0568 ext. 13 (voice)
    (802) 479-5414 (facsimile)
    andrew@martinassociateslaw.com

    Peter A. Holland
    *Pro Hac Vice Application To be Filed*
    THE HOLLAND LAW FIRM, P.C.
    P.O. Box 6268
    Annapolis, MD 21401
    Telephone: (410) 280-6133
    Facsimile: (410) 280-8650
    peter@hollandlawfirm.com

    Emanwel J. Turnbull
    *Pro Hac Vice Application To be Filed*
    THE HOLLAND LAW FIRM, P.C.
    P.O. Box 6268
    Annapolis, MD 21401
    Telephone: (410) 280-6133
    Facsimile: (410) 280-8650
    eturnbull@hollandlawfirm.com
    *Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

KARENA LaPAN, individually and on behalf of
all others similarly situated,

        Plaintiff,

    v.

GREENSPOON MARDER P.A.;

        Defendant.

CIVIL ACTION

CASE NO.: 5:17-CV-130

## VERIFICATION OF COMPLAINT

    NOW COMES Plaintiff Karena LaPan and verifies that based on her personal

knowledge, information, and belief the statements contained in the complaint in the

above-captioned matter are true, and so far as upon information and belief she believes

the information to be true.

    DATED at Barre, Vermont this __13__ day of July, 2017.

_____
Karena LaPan

Subscribed and sworn to before me:

    DATED at Barre, Vermont this __13th__ day of July, 2017.

Notary Public
My Commission Expires: Feb. 10, 2019